

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, 7th floor          973-645-2700
Newark, New Jersey 07102

JSK/PL AGR
2021R00160

February 17, 2023

Arthur D. Middlemiss, Esq.                          **RECEIVED**
Lewis Baach Kaufmann Middlemiss PLLC
405 Lexington Avenue, 64th Floor                    MAY 2 5 2023
New York, NY 10174
                                                    AT 8:30_____M
                                                    CLERK, U.S. DISTRICT COURT - DNJ
          Re:   Plea Agreement with SEAN WYGOVSKY

Dear Mr. Middlemiss:                        23 CR 395 (GC)

        This letter sets forth the plea agreement between your client, Sean Wygovsky
("Wygovsky") and the United States Attorney for the District of New Jersey ("this
Office"). This offer will expire on February 28, 2023, if it is not accepted in writing
by that date. If Wygovsky does not accept this plea agreement, his sentencing
exposure could increase beyond what is discussed in this plea agreement as a result
of this Office's investigation.

Charge

        Conditioned on the understandings specified below, this Office will accept a
guilty plea from Wygovsky to a one-count Information which charges Wygovsky
with securities fraud/insider trading in violation of Title 15, United States Code,
Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5,
and Title 18, United States Code, Section 2. If Wygovsky enters a guilty plea and is
sentenced on this charge and otherwise fully complies with this agreement, this
Office will not initiate any further criminal charges against Wygovsky for his
conduct related to the securities fraud scheme set forth in the Information.

        But if a guilty plea in this matter is not entered for any reason or a guilty
plea or judgment of conviction entered in accordance with this agreement does not
remain in full force and effect, this Office may reinstate any dismissed charges and
initiate any other charges against Wygovsky even if the applicable statute of
limitations period for those charges expires after Wygovsky signs this agreement,
and Wygovsky agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 15 U.S.C. §§ 78j(b) and 78ff to which Wygovsky agrees to plead guilty in the Information carries a statutory maximum term of 20 years' imprisonment and a statutory maximum fine of not more than $5,000,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Wygovsky is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Wygovsky ultimately will receive.

Further, in addition to imposing any other penalty on Wygovsky, the sentencing judge as part of the sentence:

(1)    will order Wygovsky to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)    may order Wygovsky to pay restitution pursuant to 18 U.S.C. § 3663 *et seq*;

(3)    may order Wygovsky, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)    must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(5)    pursuant to 18 U.S.C. § 3583, must require Wygovsky to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should Wygovsky be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Wygovsky may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of Wygovsky's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Wygovsky agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds Wygovsky obtained that are traceable to the offense in violation of Title 15, United States Code, Sections 78j(b) and 78ff, charged in the Information. Wygovsky further acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by Wygovsky (the "Money Judgment"). Wygovsky consents to the entry of an order requiring Wygovsky to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Wygovsky prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Wygovsky's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Wygovsky further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Wygovsky waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Wygovsky understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Wygovsky of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Wygovsky waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Wygovsky further understands that Wygovsky has no right to demand that any forfeiture of Wygovsky's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Wygovsky in addition to forfeiture.

Wygovsky further agrees that, not later than the date Wygovsky enters a guilty plea, Wygovsky will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Wygovsky fails to do so, or if this

Office determines that Wygovsky has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Wygovsky by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Wygovsky's activities and relevant conduct with respect to this case.

Stipulations

This Office and Wygovsky will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

- 4 -

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A and the paragraph below, this Office and Wygovsky waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Immigration Consequences</u>

Wygovsky understands that, if Wygovsky is not a citizen of the United States, Wygovsky's guilty plea to the charged offense will likely result in Wygovsky being subject to immigration proceedings and removed from the United States by making Wygovsky deportable, excludable, or inadmissible, or ending Wygovsky's naturalization. Wygovsky understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Wygovsky wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Wygovsky's removal from the United States. Wygovsky understands that Wygovsky is bound by this guilty plea regardless of any immigration consequences. Accordingly, Wygovsky waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Wygovsky also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Wygovsky. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Wygovsky from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Wygovsky and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:    Jennifer S. Kozar
Assistant U.S. Attorney

APPROVED:

Joshua L. Haber
Chief, Economic Crimes Unit

I have received this letter from my attorney, Arthur D. Middlemiss, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____        Date: 2/22/2023
Sean Wygovsky


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____        Date: February 27, 2023
Arthur D. Middlemiss, Esq.
Counsel for Defendant


- 7 -

Plea Agreement With Sean Wygovsky

Schedule A

1.    This Office and Sean Wygovsky ("Wygovsky") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.    The version of the Guidelines effective November 1, 2021 applies in this case.

3.    The applicable guideline is U.S.S.G. § 2B1.4. This guideline carries a Base Offense Level of 8.

4.    Under U.S.S.G. § 2B1.4(b)(1), "[i]f the gain resulting from the offense exceeded $6,500, increase by the number of levels from the table" in § 2B1.1(b)(1) corresponding to that amount. Here, the illicit gain was more than $1,500,000, but less than $3,500,000, which results in a 16 level increase. U.S.S.G. § 2B1.1(b)(1)(G).

5.    Specific Offense Characteristic 3B1.3 applies because Wygovsky abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense. This Specific Offense Characteristic results in an increase of 2 levels.

6.    As of the date of this letter, Wygovsky has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Wygovsky's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7.    As of the date of this letter, Wygovsky has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Wygovsky's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Wygovsky enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Wygovsky's acceptance of responsibility has continued through the date of sentencing and Wygovsky therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Wygovsky's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.    Accordingly, the parties agree that the total Guidelines offense level applicable to Wygovsky is 23.

9.     Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

10.     If the term of imprisonment does not exceed 63 months, and except as specified in the next paragraph below, Wygovsky will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 51 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

11.     Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)     Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).